THREADGILL, EDWARD F., Senior Judge.
Joseph Dennis Johnson, Jr., the husband, appeals the final judgment of dissolution of marriage and challenges the award of bridge-the-gap alimony, child support, and the valuation of a boat in the equitable distribution. Laura Wilson Johnson, the wife, cross-appeals and challenges the rotating custody schedule for their child and the termination date of her alimony award. We affirm, without further discussion, the alimony award, including its termination date, and the valuation of the husband’s boat in the equitable distribution. We reverse the rotating custody schedule and the amount of child support awarded to the wife.
The husband, in his brief and at oral argument, conceded that the court’s adaptation in the final judgment of the husband’s proposed visitation schedule results in a rotating custody award. The parties had agreed that the wife would be the primary residential parent of the parties’ young child and that the husband would have liberal rights of visitation. However, the court’s schedule results in the child actually spending more nights with the husband, which neither the parties nor the court intended, and is therefore error. When the parties agree or the court orders that one parent is to be the primary residential parent, it is a determination that it is in the child’s best interest to spend the majority of time with that parent. See Russenberger v. Russenberger, 669 So.2d 1044, 1046 n. 7 (Fla.1996) (noting that in naming a custodial parent the court is making a determination that it is in the best interest of the child to be with the custodial parent). Accordingly, we reverse the award of rotating custody and remand for further proceedings on this issue.
In light of our reversal of the rotating custody schedule, we also reverse the award of child support and remand for the trial court to reconsider the amount of child support. On remand, the court should consider that the husband’s alimony obligation ends in September 2002, that the wife received substantial liquid assets which may produce some income even in today’s financial market, that the husband spends substantial time with the child, and any other factors which the trial court deems proper. See § 61.30(ll)(a), (b), Fla. Stat. (2001).
Affirmed in part, reversed in part, and remanded.
WHATLEY and KELLY, JJ., Concur.